## McKean v. Indiana County

*L. E. Miller*, for plaintiff; *William E. Pierce*, for defendant.

LANGHAM, P. J., February 5, 1934.—The plaintiff in this case is the duly elected and qualified assessor of property for the fourth ward of the Borough of Indiana. He was elected at the November election of 1931 for a term of 4 years. The compensation allowed by law for borough and township assessors up until May 22, 1933, was $5 per day for each and every day actually engaged.

On May 22, 1933, two acts of assembly were approved affecting the compensation of borough and township assessors, as follows:

The Act of May 22, 1933, P. L. 851, sec. 1, fixes the compensation at $3.50 per day, and The General County Assessment Law of May 22, 1933, P. L. 853, sec. 305 (p. 859), fixes the compensation at $5 per day.

The question raised by the case stated is, which act should be adopted as the law for the guidance of the county commissioners in the payment of borough and township assessors for such services? As far as this plaintiff and any other borough or township assessor elected prior to the Act of May 22, 1933, is concerned, neither act affects them. Their compensation is fixed by former acts of assembly, and is protected by the constitutional provision contained in article III, sec. 13, of the Pennsylvania Constitution, which reads as follows: "No law shall extend the term of any public Officer, or increase or diminish his salary or emoluments, after his election or appointment."

Now, as to the two apparently contradictory acts of assembly, approved the same day, hereinbefore referred to, we note that act no. 155, fixing the com-

pensation of assessors in counties of the sixth class and boroughs and townships of the second class, and reported in the pamphlet laws of 1933 (sec. 602), at page 892, reads, inter alia, as follows: "This act shall not repeal or modify any of the provisions of any act of Assembly amendatory of law in force at the time of the passage of this act, or otherwise, adopted at the session of the General Assembly of one thousand nine hundred and thirty-three, whether such acts were adopted prior to the passage of this act, or shall be adopted subsequent to the passage of this act. . . ."

In our judgment, the act fixing the compensation at $3.50 per day was in effect amendatory of the law in force at the time of the passage of the act fixing the compensation at $5 per day as set forth under the act reported at page 859. It is therefore concluded and held that the Act of May 22, 1933, P. L. 851, is now effective, and exclusive of the assessors elected or appointed prior to that date the compensation allowed by law is $3.50 per day for the days actually engaged.

### Order

And now, February 5, 1934, in consideration of the foregoing opinion, it is hereby ordered and directed that judgment be entered in favor of the plaintiff, J. E. McKean, and against the defendant, the County of Indiana, for the sum of $320, compensation for 64 days' service in his official employment as assessor.

From James L. Jack, Indiana, Pa.